998 F.2d 1009
 1993-1 Trade Cases P 70,291
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LIFSCHULTZ FAST FREIGHT, INCORPORATED, Plaintiff-Appellant,
v.
CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE; Yellow
Freight Systems, Incorporated; Roadway Express,
Incorporated, Defendants-Appellees.
 No. 92-2523.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 8, 1993.
July 6, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CA-87-477)
 Argued: Nathaniel H. Akerman, Seyfarth, Shaw, Fairweather & Geraldson, New York, New York, for Appellant.
 Daniel M. Wall, McCutcheon, Doyle, Brown & Enerson, San Francisco, California, for Appellees.
 On Brief: Lisa E. Barse, Seyfarth, Shaw, Fairweather & Geraldson, New York, New York, for Appellant.
 J. Thomas Rosch, Alfred C. Pfeiffer, Jr., McCutcheon, Doyle, Brown & Enerson, San Francisco, California, for Appellee Consolidated Freightways;
 Paul R. Duke, S. William Livingston, Jr., David W. Addis, Thomasenia P. Duncan, Covington & Burling, Washington, D.C., for Appellee Yellow Freight; Steven E. Sigalow, Kathleen B. Burke, Joseph C. Weinstein, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for Appellee Roadway Express.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lifschultz Fast Freight, Inc., brought this action alleging that the three Defendant trucking companies, Consolidated Freightways, Roadway Express, and Yellow Freight, conspired with the International Brotherhood of Teamsters (Teamsters Union) to destroy competing regional carriers. Specifically, Lifschultz claimed that Defendants violated §§ 1 and 2 of the Sherman Antitrust Act, 15 U.S.C.A. §§ 1 & 2 (West Supp. 1993), the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961-1968 (West 1984 & Supp. 1993), and the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. §§ 39-5-10 to -160 (Law. Co-Op. 1985) by conspiring to eliminate competition in the trucking industry.
 
 
 2
 The district court granted Defendants' motion to exclude the hearsay testimony of Lifschultz's two key witnesses, Ralph Picardo and Glenn Hall, on the ground that Lifschultz had not presented sufficient credible evidence of a conspiracy to qualify for the co-conspirator exception to the hearsay rule under Federal Rule of Evidence 801(d)(2)(E). Applying the standard of Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1966), the district court then granted summary judgment to Defendants on the Sherman Act antitrust conspiracy claim, concluding that Lifschultz had presented no evidence that: (1) any employee of Defendants was involved in the alleged conspiracy; (2) Defendants agreed among themselves to enter a conspiracy with the Teamsters Union; (3) the alleged conspiracy would have been reasonable; (4) Defendants engaged in below-cost pricing that meaningfully affected competition; (5) Defendants had a rational expectation of realizing monopoly profits; or (6) Lifschultz had suffered any injury because of the Defendants' alleged antitrust activity.
 
 
 3
 The district court granted summary judgment to Defendants on the RICO claim because Lifschultz had not proved the predicate acts of bribery, mail fraud, or wire fraud.[1] The district court also held that any link between the alleged RICO violations and Lifschultz's injury was remote and tenuous, that Lifschultz did not show any detrimental reliance for the mail and wire fraud allegations, and that the alleged predicate acts were not part of a scheme to defraud another of money or property. The district court granted summary judgment to Defendants on Lifschultz's SCUTPA claim because there was insufficient evidence of a conspiracy to restrain trade and because Lifschultz had presented no evidence that Defendants had acted unfairly or deceptively in any way.
 
 
 4
 As an alternative ground for granting summary judgment to Defendants, the district court held that Lifschultz's Sherman Act, RICO, and SCUTPA claims were barred by the Keogh[2] doctrine because the claims were collateral attacks on the rates and tariffs set by the Interstate Commerce Commission (ICC).
 
 
 5
 We have reviewed the issues, studied the briefs and the record, heard oral argument, and given full consideration to all of Lifschultz's contentions. We find the district court's opinion to be thorough and well reasoned and we agree that summary judgment in favor of the Defendants was appropriate. Lifschultz Fast Freight, Inc. v. Consolidated Freightways Corp., 805 F. Supp. 1277 (D.S.C. 1992). Accordingly, we affirm.
 
 AFFIRMED
 
 
 [1]
 Lifschultz conceded that there was no wire or mail fraud
 
 
 [2]
 Keogh v. Chicago & N.W. Ry. Co. , 260 U.S. 156 (1922)